UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, PLUMBERS, PIPE FITTERS AND MES LOCAL UNION NO. 392 SUPPLEMENTAL UNEMPLOYMENT BENEFITS TRUST FUND | Case No. 1:07-cv-90 |
| Plaintiff, | Dlott, J. |
| | Black, M.J. |
| vs. | |
| CHARLES CLISE, | |
| Defendant. | |

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 21 ) BE GRANTED AND JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF

Plaintiff, the administrator of a Supplemental Unemployment Benefits Trust Fund, initiated this civil action on April 14, 2005 by filing a complaint against Charles Clise pursuant to the Employee Income Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").  Plaintiff is seeking to recover over-payment of benefits.

This case is now before the Court on plaintiff's motion for summary judgment. (Doc. 21).[2]  Defendant did not respond to plaintiff's motion, nor to the Court's Show Cause Order. (*See* Doc. 22.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff's motion is supported by the Affidavit of Paula Allhpin, the Administrative Manager of the SUB Fund, and exhibits attached thereto. (*See* Doc. 21, Alphin Aff., Exs. A-D.)

## BACKGROUND AND FACTS

Plaintiff, The Board of Trustees, provides for the payment of supplemental unemployment compensation and other benefits to eligible plan participants through the Plumbers, Pipefitters and MES Local Union No. 392 Supplemental Unemployment Benefits Trust Fund (the "SUB Fund"). (*See* Allphin Aff.) The Board of Trustees is a fiduciary that administers the SUB Fund pursuant to a Trust Agreement, Plan document ("Plan") [Amended 1/1/06], and the Employee Retirement Income Security Act of 1974. *See* 29 U.S.C. §§ 1132(a)(2), (3), *et seq*.; 29 U.S.C. §1145; 29 U.S.C. §185; Affidavit of Paula Allphin, ¶1.

Defendant Clise, at all times pertinent hereto, was an eligible participant in the Plan. (*Id.* at ¶ 7.) Accordingly, Mr. Clise and the Board of Trustees are governed by the applicable provisions of the Plan and ERISA for the benefits paid to Mr. Clise from the SUB Fund. (*Id.*).

Mr. Clise was overpaid by the SUB Fund in the amount of $4,383.67. (*Id.* at ¶4, Ex. B.) The overpayments stem from two sources: (1) benefits were improperly paid at a higher "journeyman" level rather than at the lower "apprentice" level; and (2) benefits were mistakenly paid during a period when Mr. Clise had a break in service. (*Id.*)

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the non-moving party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The Federal Rules of Civil Procedure require that the non-moving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule. Fed. R. Civ. P. 56(e). When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party. *See Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992)

## ANALYSIS

The Plan document creates a contractual obligation on employees to repay any

benefits that were paid in error. Section 4.1(E) of the Plan provides:

> "If it is determined that any benefit paid under the Plan should not have been paid for any reason, the Employee shall return the amount of the overpayment to the Fund immediately. Any failure to make repayment shall disqualify the Employee from receiving any further or future benefits until such repayment is completed."

*Id*. at ¶ 9, Ex. A, Plan § 4.1(E).

The failure of an employee to repay such benefits constitutes a breach of contract and unjust enrichment. The Board of Trustees is authorized to recover such overpayments by commencing legal action.

Section 4.4(A) of the Plan provides, in part:

> "If, for any reason, any benefit paid to an eligible Employee, participant, beneficiary, or any person claiming thereunder, is thereafter determined to be in error, or wholly or partially in excess of the amount which such payee was entitled to receive under the Plan, the Trustees may collect such erroneous benefit payment or overpayment by suit, arbitration or such other remedy as the law may provide."

*Id*., Ex. A, Plan § 4.4(A).

The Board of Trustees has full discretionary authority to determine eligibility for benefits and to construe the terms of the Plan. *Id*. Ex. A, Plan § 5.1. The decision of the Trustees is final. *Id*. Benefits will be paid only if the Trustees decide that a participant is entitled to such benefits. (*Id.*) The Trustees' decision will not be overturned unless it is found to be arbitrary and capricious. *Id.*

As noted above, Mr. Clise was overpaid by the SUB Fund in the amount of $4,383.67. (Allphin Aff. at ¶ 4, Ex. B.) The overpayments were the result of: (1)

improper payments at a higher "journeyman" level rather than at the lower "apprentice" level from March 2003 to June 2004 ($2,783.43); and (2) improper payments during a period when Mr. Clise had a break in service from October 2005 to December 2005 ($1,600.24). (*Id.*) When an employee has a break in service, the employee is not entitled to receive benefits from the SUB Fund. (*Id.* at ¶21, Ex. A.)

The Board of Trustees has a fiduciary obligation to administer the SUB Fund properly such that overpayments are not made at the expense of the SUB Fund and the other participants. (*Id.* at ¶8, Ex. A). The Board of Trustees has a fiduciary obligation to recover such overpayments.

Plaintiff made a demand for payment on December 15, 2005. (Allphin Aff.*, ¶ 5* Ex. B) Under the Plan documents, Plaintiff is entitled to interest at a rate of 10 percent per annum from the first day of the month following the written demand, *i.e.,* from January 1, 2006. (Id. at ¶ 6, Ex. A.) Plaintiff is also entitled to collect legal expenses and costs associated with this matter. *See* Fed.R. Civ. P. 55(b)(1); 29 U.S.C. §1132(g), ERISA §502(g); Affidavit of Paula Allphin, ¶6, Exhibit A [Plan §4.4(A)].

Furthermore, Article 4, Section 4.4(A) of the Plan provides, in part:

> "In addition to recovery of the principal amount of any erroneous benefit payment or overpayment, the Trustees may recover interest on the unpaid principal at an interest rate of 10% per annum beginning on the first day of the month following the date of the Plan's request for repayment. The Trustees may also recover all reasonable costs and expenses incurred in collecting such erroneous payment or overpayment, including reasonable legal fees."

Plaintiff therefore is requesting judgment against Mr. Clise in the principal amount

of $4,383.67, interest at a rate of 10 percent per year from January 1, 2006, and reasonable legal fees and costs to be submitted in a separate motion.  Plaintiff's claims are well-taken.

The evidence submitted by plaintiff establishes that there are no material questions of fact at issue in this case, and that plaintiff is entitled to judgment as a matter of law. Mr. Clise was overpaid benefits from the SUB Fund according to the terms of the Plan, and it is his legal obligation to repay said benefits.

## CONCLUSION

Based on the forgoing, it is therefore **RECOMMENDED** that plaintiff's motion for summary judgment (Doc. 21) be **GRANTED** in favor of plaintiff and against Defendant Charles Clise in the amount of $4,383.67, plus prejudgment interest at a rate of 10 percent per year from January 1, 2006.  Plaintiff is also entitled to payment of its reasonable attorney's fees and cost, such to be submitted by Plaintiff in a separate motion prior to a final entry.

**IT IS SO RECOMMENDED**.

Date: July 24, 2008                                                s/Timothy S. Black
                                                                  Timothy S. Black
                                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, PLUMBERS, PIPE FITTERS AND MES LOCAL UNION NO. 392 SUPPLEMENTAL UNEMPLOYMENT BENEFITS TRUST FUND | Case No. 1:07-cv-90 |
| Plaintiff, | Dlott, J.<br>Black, M.J. |
| vs. | |
| CHARLES CLISE, | |
| Defendant | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).